**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL D'ANGELO AUSTIN,**

    **Plaintiff,**

**v.**

**EXPERIAN INFORMATION**
**SOLUTIONS, INC., EQUIFAX**
**INFORMATION SERVICES, LLC;**
**CHEX SYSTEMS, INC.,**
**EL DORADO RESORTS, LLC**

    **Defendants.**

**Case No. 6:26-cv-729**

### NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Chex Systems, Inc. ("ChexSystems"), by counsel, hereby removes this action from the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Removal is proper because this Court has federal question jurisdiction under 28 U.S.C. § 1331.  In support thereof, ChexSystems states as follows:

### I.    BACKGROUND

1.    On or about September 13, 2025, Plaintiff Michael D'Angelo Austin

("Plaintiff") filed a complaint (the "Complaint") against ChexSystems alongside Experian Information Solutions, Inc., Equifax Information Services, LLC, and El Dorado Resorts, LLC (collectively, "Co-defendants") in the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida, as Case No. 25-SC-028472-O.

2.      A copy of the Complaint and state court docket are attached hereto as **Exhibit A** and **Exhibit B**.

3.      Plaintiff asserts various claims against ChexSystems purportedly arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA") based on his alleged status as a victim of human trafficking and identity theft.  Ex. A ¶¶ 8, 8A, 12.

4.      Plaintiff served ChexSystems with the Complaint on March 19, 2026.

5.      This Notice of Removal is being filed within thirty days of service of the Complaint on ChexSystems, making the action timely removed pursuant to 28 U.S.C. §§ 1446(b) and (c)(1).

6.      ChexSystems denies the allegations in the Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, this matter is removable to this Court based upon federal question jurisdiction.

## II.    REMOVAL IS PROPER UNDER FEDERAL QUESTION JURISDICTION.

7.    Plaintiff's claims arise out of ChexSystems' alleged reporting of tradelines that he claims should have been "blocked" based on his status as a victim of identity theft and human trafficking.  *See* Ex. A at ¶¶ 8, 8A, 12, 24.

8.    This Court has original jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff alleges that ChexSystems violated the FCRA by continuing to report the "fraudulent tradelines" associated with Plaintiff instead of "blocking" the tradelines under "FCRA §605C."  *Id.* at ¶¶ 8A, 12, 24.

9.    Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10.    Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.  This case qualifies for federal question jurisdiction and is removable because Plaintiff's

Complaint alleges claims under, and requires a ruling on, the FCRA.  *Id.* at ¶¶ 18, 8A, 12.

### III.   <u>VENUE</u>

11.    Venue is appropriate in this Court because this district and division encompass the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV.   <u>NOTICE</u>

12.    Concurrent with filing this Notice of Removal, ChexSystems will file a Notice of Filing of Notice of Removal with the Clerk of the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida, and will attach a copy of this Notice of Removal.  A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached as **<u>Exhibit C</u>**.

13.    This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

14.    Co-defendants consent to this request for removal.  Their respective consents are attached to this Notice as **<u>Exhibits D through F</u>**.

15.    As of the date of this removal, ChexSystems has not filed a responsive pleading to the Complaint.  ChexSystems reserves all rights to assert any and all

4

defenses to the Complaint and further reserves the right to amend or supplement this Notice of Removal.

16.    If any questions arise as to the propriety of the removal of this action, ChexSystems requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Chex Systems, Inc. hereby removes this action to this Court and seeks all other relief as this Court deems equitable and just.

Dated: April 2, 2026                     Respectfully submitted,

**CHEX SYSTEMS, INC.**

By: */s/ Gillian D. Williston*
Gillian D. Williston
Florida Bar No.: 14270
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail:  gillian.williston@troutman.com

*Counsel for Chex Systems, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2026, I electronically filed the

foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system

and a true and correct copy of the foregoing document was sent via U.S. Mail, to

the following:

Michael D'Angelo Austin
828 Skylake Circle, Apt A
Orlando, FL 32809
Pro se plaintiff

By: */s/ Gillian D. Williston*